**David STUMPH, Plaintiff-Appellant,**

v.

**THOMAS & SKINNER, INC., Defendant-Appellee.**

No. 84–2847.

United States Court of Appeals, Seventh Circuit.

Argued May 20, 1985.

Decided Aug. 9, 1985.

Steven V. Shoup, Peterson, Haramy, Cline & Shoup, Indianapolis, Ind., for plaintiff-appellant.

H. Patrick Callahan, Callahan, Riley & Hillis, Indianapolis, Ind., for defendant-appellee.

Before BAUER, EASTERBROOK, Circuit Judges, and CAMPBELL, Senior District Judge.*

* Honorable William J. Campbell, Senior District Judge for the Northern District of Illinois, is    sitting by designation.

BAUER, Circuit Judge.

Plaintiff appeals the dismissal of his age discrimination action on defendant's motion for summary judgment. The district court granted defendant's motion, holding that plaintiff failed to establish a prima facie case of age discrimination and, further, that defendant discharged plaintiff for non-discriminatory reasons. For the reasons stated below, we reverse the decision of the district court and remand for trial.

I

Plaintiff David Stumph began his employment with defendant Thomas & Skinner, Inc. (the Company) in 1960 as a personnel manager at an annual salary of $7,500. In the twenty-two years he was employed by defendant, plaintiff held a number of increasingly important positions and his salary eventually increased to $32,800 a year. In 1979, when plaintiff held the position of Manufacturing Manager with 150 employees under his supervision, the Company hired Sherman Smith, a man younger than plaintiff, to work on technical matters involved in the production of the Company's product. According to plaintiff, Smith made "several major errors" regarding the production of the Company's product and the purchase of raw materials, causing plaintiff to complain to Edward Cronk, the Company's Chairman and President, and to Norris Krall, the Company's Executive Vice-President. Plaintiff also complained that Smith "involved himself in matters not within his domain."

In early 1981, Cronk told plaintiff that he was fired because of negative statements plaintiff had made about Smith. Plaintiff alleges that Cronk had told him that an industrial psychologist, Walter Elliot, had recommended plaintiff's termination. When plaintiff told Cronk that he would stop criticizing Smith, Cronk told plaintiff that his termination was not irrevocable and that he could meet with the psychologist. Plaintiff did so, and alleges that he was informed by the psychologist that he did not recommend plaintiff's termination. Upon returning to work, plaintiff met with Cronk and he withdrew plaintiff's termination.

In September 1981, plaintiff was removed from his position as Manufacturing Manager and replaced by Smith. Plaintiff became the Plant Service Manager, a new position created for plaintiff. His salary was not cut, but his responsibilities were greatly reduced and plaintiff viewed the move as a demotion. At a meeting with Mr. Cronk in November 1981, Cronk told plaintiff that he was doing a good job in his new position and that the previous problem of his criticism of Smith had been resolved.

In 1981 the Company experienced a decline in profits. In 1982 the Company's profits continued to fall and the Company began to release employees. Plaintiff alleges that in August 1982, Cronk informed plaintiff that "the Company was going to have to get rid of some of its older employees and get a young, aggressive organization in place for when the economy turned around." Plaintiff then told Cronk that the Company would have to be careful not to violate the age discrimination laws.

On October 22, 1982, Cronk informed plaintiff that plaintiff would be released at the end of the day and that his position would be eliminated as part of a twenty-five percent reduction in force of salaried and clerical workers. Cronk told plaintiff that the Company was making the move because "business was bad." When plaintiff asked why he and not Smith was being released, Cronk replied that the Company desired to keep Smith because of his technical background and because he was known in the industry. Plaintiff was fifty-five years old at the time of his firing and subsequently filed this action under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (1983) (ADEA).

On April 16, 1984, defendant filed a motion for summary judgment and both parties filed briefs and supporting affidavits. In a deposition, plaintiff was asked whether he believed Cronk was attempting to take illegal action when he stated that the Company would have to eliminate older

employees in favor of younger employees, and plaintiff responded:

I don't think he was; I don't think he intentionally did something that was illegal, no. In suggesting that these people be removed, he wasn't suggesting that we do it in an illegal fashion. He was, I think, fishing to find out how we could get them out of there without, without getting at cross purposes with the law.

Plaintiff presented affidavits of two other employees who voluntarily retired, but who stated that they felt animus from the Company because of their age. James M. Burt stated that although the Company never requested that he retire,

[d]uring the approximately two year period prior to retirement, the Company repeatedly took away my job duties until I had nothing of substance or importance to do. When my job finally became boring and meaningless I elected to retire. I believe that the Company stripped me of my duties so that I would become disgusted with my job and consider taking early retirement.

Mildred M. Wyant stated that

[a]fter Mr. Stumph's firing, it was clear to me that the company wanted to rid itself of its older employees. Although I was never asked to retire or quit by any member of the company's management, I was made by them to feel unwelcome in my job because of my age and, as a result, I chose to retire in April rather than at the end of the year.

On September 27, 1984, the district court entered summary judgment in favor of defendant and dismissed plaintiff's suit with prejudice. The district court also entered judgment for costs against plaintiff. In its memorandum opinion, the district court found that employees Burt and Wyant "voluntarily retired from [the] Company's employ on their own schedule without any coercion whatsoever from the defendant." Finding of Fact No. 22. The district court therefore found that even if Cronk told plaintiff that the Company wished to eliminate its older employees, "the subsequent events show that, after being informed of the illegality of such a course of action, [Cronk] did not pursue the matter." *Id.* The district court focused on plaintiff's statement that "[i]n suggesting that these people be removed, [Cronk] wasn't suggesting that we do it in an illegal fashion." Finding of Fact No. 21. Finally, the district court found that plaintiff was fired "as part of a plan to reorganize several office functions, combine responsibilities and eliminate certain jobs." Finding of Fact No. 23.

In its conclusions of law, the district court held that plaintiff failed to make a prima facie showing of age discrimination because he failed to prove that he was replaced in his position by a younger person. Conclusion of Law No. 4. Further, the district court held that even if plaintiff did make a prima facie case, the Company proffered a legitimate, non-discriminatory reason for plaintiff's termination, and plaintiff failed to show that this proffered reason was pretextual. Conclusions of Law Nos. 6 & 7. Therefore, the district court granted defendant's motion for summary judgment and dismissed plaintiff's suit with prejudice.

## II

Plaintiff first argues that the district court erred by holding that plaintiff failed to make a prima facie showing of age discrimination because he did not prove that he was replaced in his position by a younger person. Plaintiff argues that he is not required to show replacement by a younger person because his position was eliminated. Plaintiff contends that he may make a prima facie showing of age discrimination by offering proof that he was terminated because of his age. We agree.

In *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), the Supreme Court enumerated a number of factors which it considered in determining whether a plaintiff had made a prima facie showing of racial discrimination in a Title VII employment discrimination case. The Court held that a prima facie

showing of racial discrimination had been made in that case when the plaintiff offered proof that: (1) he was a member of a racial minority; (2) he applied and was qualified for a job for which the employer was seeking applicants; (3) he was rejected for the job; and (4) the position remained open and the employer continued to seek applications from persons with plaintiff's qualifications. 411 U.S. at 802, 93 S.Ct. at 1824. This circuit has adopted a variation of this prima facie test in age discrimination cases where the plaintiff was replaced in his position by a younger person. *See Huhn v. Koehring Co.,* 718 F.2d 239, 243 (7th Cir.1983); *Kephart v. Institute of Gas Technology,* 630 F.2d 1217, 1219 (7th Cir. 1980), *cert. denied,* 450 U.S. 959, 101 S.Ct. 1418, 67 L.Ed.2d 383 (1981). In these cases we held that in order to establish a prima facie case of age discrimination, the plaintiff must show that: (1) he was a member of the protected class (persons aged 40 to 70); (2) he was qualified for his position; (3) he was terminated; and (4) he was replaced in his position by a younger person. *Id.* Defendant argues that these four requirements are applicable in this case and that therefore the district court's dismissal of plaintiff's suit for failure to prove replacement was proper. This prima facie test, however, is not universal and inflexible, and has not been applied in work force reduction cases.

In *McDonnell Douglas,* the Supreme Court noted that the facts in any employment discrimination case will vary so that the proof required to make a prima facie showing of discrimination in one case "is not necessarily applicable in every respect to differing factual situations." 411 U.S. at 803 n. 13, 93 S.Ct. at 1824 n. 13. *See Texas Dept. of Comm. Affairs v. Burdine,* 450 U.S. 248, 253–54 n. 6, 101 S.Ct. 1089, 1093–94 n. 6, 67 L.Ed.2d 207 (1981). *Accord Stanojev v. Ebasco Services, Inc.,* 643 F.2d 914, 920–21 (2d Cir.1981) (*McDonnell Douglas* test is not only means of raising inference that termination was based on discriminatory reason). In *Tice v. Lampert Yards, Inc.,* 761 F.2d 1210 (7th Cir. 1985), we recently stated that in an age

discrimination case where an employer is reducing his work force, replacement of the plaintiff by a younger person may not be required in order to establish a prima facie case. 761 F.2d at 1215 n. 5 (citing *Williams v. General Motors Corp.,* 656 F.2d 120, 128–29 (5th Cir.1981)). As the Fifth Circuit noted in an earlier case, requiring a showing of replacement would "afford no protection against discrimination on the basis of age when a work force is being reduced." *McCuen v. Home Ins. Co.,* 633 F.2d 1150, 1151 (5th Cir.1981). The Fifth Circuit then stated that

> [w]hile failure to show that he was replaced by a noncovered employee prevents a covered employee from making a *McDonnell Douglas*-type prima facie showing, he may still recover under the Act if he can demonstrate the decision to discharge him was because of his age. In a reduction of force situation, it would appear to be a violation of the ADEA to let age be the determining factor in deciding who will go.

633 F.2d at 1152. Several other circuits also have held that a plaintiff cannot be required to show that he was replaced by a younger employee in a work force reduction situation. *See Stanojev,* 643 F.2d at 920–21; *Smith v. Univ. of North Carolina,* 632 F.2d 316, 335 (4th Cir.1980); *Bonham v. Dresser Industries, Inc.,* 569 F.2d 187, 195 (3d Cir.1977). *Accord Loeb v. Textron, Inc.,* 600 F.2d 1003, 1018–19 (1st Cir.1979).

The common sense of this approach is obvious; where a person's job is eliminated, there can be no showing of replacement by a younger employee. An employee nonetheless may have been terminated because of his age and therefore may be entitled to relief under the ADEA. By inflexibly applying the prima facie test which has been utilized in cases where an older employee has been replaced by a younger employee, the district court ignored the different factual context involved in a work force reduction situation which

renders the prima facie test for a replacement case inappropriate. Therefore, it was error for the district court to hold that plaintiff failed to make a prima facie showing of age discrimination because he failed to show replacement by a younger employee, and we reverse that holding.

### III

■ In employment discrimination cases, the order of proof proceeds as follows: the plaintiff must initially establish a prima facie case of discrimination; the burden then shifts to the employer to articulate some legitimate, non-discriminatory reason for his action; and, finally, the plaintiff may show that the employer's stated reason for his action was in fact pretextual, and that the real reason was discriminatory. *McDonnell Douglas*, 411 U.S. at 802–04, 93 S.Ct. at 1824–25. It is within this context that we now address plaintiff's contention that summary judgment was improper. Plaintiff contends that he presented sufficient evidence to raise the issues of whether the employer fired plaintiff because of his age and whether the legitimate reasons proffered by the Company for his discharge were pretextual. We find that plaintiff did present evidence to raise these material issues, and therefore summary judgment was improper.

Summary judgment is proper only when "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R. Civ.P. 56(c). "In determining whether an issue of material fact exists, the court must construe the facts alleged in the light most favorable to the party opposing the motion for summary judgment." *Janowiak v. City of South Bend*, 750 F.2d 557, 559 (7th Cir.1984). In *Kephart* we noted that summary judgment is improper in a discrimination case where a material issue involves any weighing of conflicting indications of motive and intent. 630 F.2d at 1218. *Accord White Motor Co. v. United States*, 372 U.S. 253, 259, 83 S.Ct. 696, 699, 9 L.Ed.2d 738 (1963) (summary judgment inappropriate "where motive and intent play leading roles"); *Pfizer, Inc. v. Internat'l Rectifier Corp.*, 538 F.2d 180, 185 (8th Cir. 1976) ("[s]ummary judgment is notoriously inappropriate for determination of claims in which issues of intent, good faith and other subjective feelings play dominant roles").

■ We believe that the trial court impermissibly weighed conflicting evidence in this case and improperly made findings of fact which were not in the light most favorable to plaintiff. Our review of the record in this case reveals that plaintiff presented evidence that he was fired for discriminatory reasons and that the employer's stated reason for his discharge was pretextual sufficient to withstand a motion for summary judgment and proceed to trial. This evidence included the statement by the Company's President and Chairman that the Company wished to eliminate its older employees, the statement of a co-employee in plaintiff's age group that the Company decreased his job duties until he had "nothing of substance or importance to do" so that his job became "boring and meaningless," causing him to retire earlier than he planned, and the statement of another co-employee who stated that she retired early because the Company made her "feel unwelcome in [her] job because of [her] age."

These statements belie the trial court's finding that these two co-employees retired "on their own schedule without any coercion whatsoever" from the Company. Based in part on this finding, the trial court cursorily dismissed Cronk's statement that the Company wished to eliminate its older employees. The district court also apparently was persuaded to disregard the significance of this statement by plaintiff's admission that he did not feel that the statement was made with any illegal intent. Plaintiff further stated, however, that he felt that Cronk was seeking a way to eliminate the Company's older employees "without getting at cross purposes with the

law." The clear import of plaintiff's statements was that the Company sought to avoid lawsuits for age discrimination but nonetheless wished to eliminate its older employees. Plainly, the district court did not consider this evidence in the light most favorable to the plaintiff.

After finding the evidence presented by plaintiff unpersuasive, the district court found that plaintiff was fired as part of the Company's work force reduction plan. The district court thus held that plaintiff failed to show that the Company's reason for his discharge was pretextual. In so holding the district court again failed to view the evidence in the light most favorable to the plaintiff. Although, as the trial court obviously believed, plaintiff may not have presented evidence upon which he would prevail at trial, plaintiff did present evidence of an intent to discriminate against older employees which could form the basis for a finding that the Company's proffered reason for plaintiff's dismissal was pretextual. Ascertaining intent in a discrimination case "is both sensitive and difficult," *U.S. Postal Service Bd. of Governors v. Aikens*, 460 U.S. 711, 716, 103 S.Ct. 1478, 1482, 75 L.Ed.2d 403 (1983), and in opposition to a motion for summary judgment a plaintiff should be required to do no more than offer proof which casts doubt upon the veracity of the employer's stated reason for its action. *See Herman v. National Broadcasting Co., Inc.*, 744 F.2d 604, 610 (7th Cir.1984). *See also Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 472–73, 82 S.Ct. 486, 490–491, 7 L.Ed.2d 458 (1962). Plaintiff met this burden in this case by presenting a statement by the Company's chief executive officer and two statements by co-employees which indicated an intent to discriminate.

In conclusion, we reverse the district court's grant of summary judgment. We also vacate its award of costs to defendant. Accordingly, we remand the case for trial pursuant to Circuit Rule 18.

REVERSED AND REMANDED.