Paula FERGUSON, Plaintiff,

v.

**ROBERT R. MCCORMICK TRIBUNE FOUNDATION, Defendant.**

**No. 97 C 4913.**

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 2, 2000.

## *MEMORANDUM OPINION AND ORDER*

LEVIN, United States Magistrate Judge.

Plaintiff, Paula Ferguson ("Ferguson"), has brought this action against Defendant Robert R. McCormick Tribune Foundation. Her Complaint alleges reverse discrimination and retaliation against the Foundation in connection with her termination. At issue before the court is Defendant's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(d). For the reasons set forth below, Defendant's Motion is granted.

## *FACTUAL BACKGROUND*

The Robert R. McCormick Tribune Foundation ("Foundation") is a tax exempt, charitable foundation that originated from the estate of Robert R. McCormick, one of the founders of the Chicago Tribune. The Foundation hired Ferguson, a caucasian female, in November 1996 through Account Pros, a temporary employment agency, to assist in the administration of the Foundation's annual Holiday Fund. Ferguson's duties were to batch the Holiday Fund checks and to take them to the bank for deposit. Janet Shirlee ("Shirlee"), who is African American, supervised the temporary employees and hired Ferguson.

During her employment at the Foundation, Ferguson asked Shirlee if she could have access to the Foundation's computers to type up her personal missionary newsletter. There were six computers in the office but only three had word processing capabilities, and there were employees whose tasks required a computer. Ferguson's job responsibilities did not require use of a computer. However, Shirlee agreed to allow Ferguson to utilize a computer for her personal missionary work before 8:30 a.m. On at least one occasion, Shirlee reprimanded Ferguson for using the computer for personal work well after 8:30 a.m.

On December 26, 1996, prior to 8:30 a.m., Ferguson was using the computer for her personal missionary work when Priscilla Williamson ("Williamson"), an employee that requires the use of a computer in her job assignment, informed Ferguson that she, Williamson, needed to get right to work because she had a lot of work to do. Ferguson asked Williamson to get breakfast and return later. When Williamson returned at 8:30 a.m. Ferguson was still using the computer for personal missionary work. After 8:30 a.m., Shirlee noticed that Ferguson had not relinquished Williamson's computer and informed Ferguson that it was time to attend to her Foundation duties.

Later that day, Ferguson asked Williamson if she could use the computer during her lunch break. Williamson replied that she did not plan to leave her desk for lunch. Ferguson than asked Shirlee if there would be another computer she could use. Shirlee replied that the other computers did not have word processing software and that one of the other computers was experiencing a problem with the hard drive. Ferguson than requested to use a computer in the Chicago Tribune computer lab, but Shirlee informed her that the lab was for Chicago Tribune employees only. Ferguson again approached Shirlee and inquired if she could leave the premises to use the computers at the Ha-

rold Washington Library. Shirlee responded that there was a lot of work to do, and that Ferguson could not leave early to do personal work.

After this discussion, Shirlee contacted Lynn Cozy, the staffing manager at Account Pros. Shirlee determined that Ferguson's priority was doing the missionary work, and not doing the work of the Foundation. Ferguson was then terminated.

## ANALYSIS

### I. STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Fed.R.Civ.P.* 56(c). *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has produced evidence to show that it is entitled to summary judgment, the party seeking to avoid such judgment must affirmatively demonstrate that a genuine issue of material fact remains for trial. *LINC Fin. Corp. v. Onwuteaka,* 129 F.3d 917, 920 (7th Cir.1997).

In deciding a motion for summary judgment, a court must "review the record in the light most favorable to the nonmoving party and to draw all reasonable inferences in the party's favor." *Vanasco v. National–Louis Univ.,* 137 F.3d 962, 1998 WL 81458, at *2 (7th Cir.1998). *See also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Nevertheless, the nonmovant may not rest upon mere allegations but "must set forth specific facts showing that there is a genuine issue of material fact." *Fed. R.Civ.P.* 56(e). *See also LINC,* 129 F.3d at 920. A genuine issue of material fact is shown by the existence of "some alleged factual dispute between the parties," *Anderson,* 477 U.S. at 247, 106 S.Ct. 2505, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). A genuine issue of material fact exists only if "a fair minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505.

"Summary judgment is improper in a discrimination case where a material issue involves any weighing of conflicting indications of motive and intent." *Cowan v. Glenbrook Security Services, Inc.,* 1996 U.S.Dist. Lexis 15232, 1996 WL 596509, *1 (N.D.Ill.1996) (*quoting Stumph v. Thomas & Skinner, Inc.,* 770 F.2d 93, 97 (7th Cir. 1985)), *citing Kephart v. Institute of Gas Technology,* 630 F.2d 1217, 1218 (7th Cir. 1980). On the other hand, the Seventh Circuit court in *Palucki v. Sears, Roebuck & Co.,* 879 F.2d 1568, 1573 (7th Cir.1989) explained that summary judgment can be appropriate in employment discrimination cases:

> ... realization that Title VII is occasionally or perhaps more than occasionally used by plaintiffs as a substitute for principles of job protection that do not exist in American law, [has] led the courts to take a critical look at efforts to withstand ... summary judgment. A district court judge faced with such a motion must decide ... whether the state of the evidence is such that, if the case were tried tomorrow, the plaintiff would have a fair chance of obtaining a verdict. If not, the motion should be granted and the case dismissed.

### II. RACE DISCRIMINATION CLAIM STANDARD

Title VII of the Civil Rights Act of 1964, states that "it shall be an unlawful employment practice for an employer—(1) to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such indi-

vidual's race...." 42 U.S.C. § 2000(e)–2(a)(1).

In a Title VII employment discrimination case based on race, the plaintiff has the initial burden of establishing a prima facie case of reverse discrimination.[1] *Campbell v. Dominick's Finer Foods, Inc.*, 85 F.Supp.2d 866, 870 (N.D.Ill.2000). In order to establish a prime facie case of reverse discrimination, the plaintiff must offer direct evidence of discrimination or, if she is unable to do so, she may use the indirect, burden-shifting approach set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Since the plaintiff in this case has not offered any direct evidence of reverse discrimination, her case is governed by the *McDonnell Douglas* indirect, burden-shifting approach.

In order to establish a prima facie case of reverse discrimination under McDonnell Douglas, Ms. Ferguson must establish that: (1) background circumstances exist supporting an inference that the Foundation is one of the unusual employers that discriminates against the majority; (2) she performed the job satisfactorily; (3) she was subjected to an adverse employment action; and (4) similarly situated employees received more favorable treatment. *EEOC v. Our Lady of the Resurrection Medical Ctr.*, 77 F.3d 145, 148 (7th Cir.1996). Once the plaintiff has established a prima facie case, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for its allegedly biased employment decision. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 254, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *Anderson v. Baxter Healthcare Corp.*, 13 F.3d 1120, 1122 (7th Cir.1994).

If the employer meets its burden of production, the presumption that the employer discriminated against the plaintiff dissolves. *Johnson*, 91 F.3d at 931; *See, St Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). In order for the plaintiff to prevail, she then must demonstrate that the nondiscriminatory explanation of the employer is pretextual. *Id.; See, Perdomo v. Browner*, 67 F.3d 140, 144–45 (7th Cir. 1995).

For the reasons stated below, the Plaintiff has failed to establish a prima facie case of reverse discrimination because she has not met the first and fourth elements recited above. In any event, Plaintiff has also not shown pretext herein. Therefore, Plaintiff's reverse discrimination claim is unavailing.

## A. No Background Circumstances Exist

The Seventh Circuit has explained that background circumstances include evidence that the employer has some reason or inclination to discriminate against whites, or evidence that there is something strange about the facts of the case. *Mills v. Health Care Serv. Corp.* 171 F.3d 450, 455 (7th Cir.1999) (*quoting Harding v. Gray*, 9 F.3d 150, 152–53 (D.C.Cir. 1993)). Plaintiff has failed to establish the first element (background circumstances) of a prima facie case of reverse discrimination, as there is nothing in the record to evidence that Plaintiff's employer had any reason or inclination to discriminate against whites or that the facts of the case are strange.

In fact, the record evidence favors the employer on these points. For example, in her many years of supervising the Holiday Fund project, it was Ms. Shirlee's practice to request a pool of temporaries with a diverse racial make-up. The group that

---

1. The first element of the prima facie test under race discrimination (that she belongs to a protected class), as discussed *infra,* has been modified for reverse discrimination cases to require "background circumstances that exist to support an inference that the employer is one of the unusual employers that discriminate against the majority." *Harding,* 9 F.3d at 153.

worked alongside Ferguson was made up of Hispanics, African Americans and Caucasians. One Caucasian member of the group, Timothy Farmer, was Shirlee's top assistant. Moreover, it was Shirlee herself who retained Ferguson from Account Pros to work as a temporary for the Foundation.[2]

**B. Similarly Situated Employees**

██ Plaintiff has also failed to establish the fourth element of the prima facie case of reverse discrimination because she has failed to identify even one similarly situated person that was treated more favorably than she was. To establish this element, Plaintiff must point to similarly situated African American employees who engaged in similar conduct but were neither disciplined nor terminated. *Campbell*, 85 F.Supp.2d 866, 872 (N.D.Ill.2000). "Such a comparison must 'demonstrate more than occasional leniency toward other employees who had engaged in conduct of a similar nature.'" *Gibson v. AT & T Corp.*, 1998 U.S.Dist. LEXIS 17441, 1998 WL 774687, *6 (N.D.Ill.1998) (*quoting Hiatt v. Rockwell Int'l Corp.*, 26 F.3d 761, 771 (7th Cir.1994)). Plaintiff has not identified one non-Caucasian employee for the Foundation who was not terminated or disciplined for a dispute relating to the personal use of the Foundation's computers. Plaintiff, respectfully, cannot establish the "similarly situated" element by simply referring in her deposition testimony to unidentified African American employees or conclusory statements that African Americans were not disciplined like her. *Campbell*, 85 F.Supp.2d. at 872.

**C. Pretext**

Even assuming *arguendo* that Plaintiff had made the requisite prima facie showing as to the issues of background circumstances and similarly situated employees, Defendant clearly prevails herein on the issue of pretext.

██ Defendant has produced a legitimate, nondiscriminatory reason for its employment decision. Defendant's evidence is that Plaintiff was terminated because her priority was not with her job at the Foundation, but rather with typing up her personal missionary work. Pursuant to *McDonnell Douglas*, once the employer has produced a legitimate, non-discriminatory reason for its actions, the burden shifts back to the plaintiff to produce evidence that the employer's stated reason was pretextual.

██ "Pretext ... means a lie, specifically a phony reason for some action." *Russell v. Acme–Evans Co.*, 51 F.3d 64, 68 (7th Cir.1995). An employee may establish pretext indirectly by proving one of the following: "(1) Defendant's explanation had no basis in fact, or (2) the explanation was not the 'real' reason, or (3) ... the reason stated was insufficient to warrant the [adverse job action]." *Lenoir v. Roll Coater, Inc.*, 13 F.3d 1130, 1133 (7th Cir. 1994). "The pretext inquiry focuses on the honesty—not the accuracy—of the employer's stated reason for the [adverse job action]." *Gibson v. AT & T*, 1998 U.S.Dist. LEXIS 17441, 1998 WL 774687, at *8 (N.D.Ill.1998) (*quoting Tincher v. Wal–Mart Stores, Inc.*, 118 F.3d 1125, 1130 (7th Cir.1997)). "The fact that [an] employer was mistaken or based its decision on bad policy, or even just plain stupidity, goes nowhere as evidence that the proffered explanation is pretextual." *Essex v. United Parcel Serv., Inc.*, 111 F.3d 1304, 1310 (7th Cir.1997).

██ Plaintiff has presented no independent evidence showing that the

---

**2.** Plaintiff's responsive argument on this issue, respectfully, is based wholly, and essentially, on Plaintiff's beliefs and speculative statements contained in her own deposition testimony. In the context here, it is improper and insufficient to rely on such unsupported deposition statements to seek to create a "genuine" dispute of fact. *See Seshadri v. Kasraian, et al.*, 130 F.3d 798, 802 (7th Cir. 1997); *Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 453 (7th Cir.1998).

Foundation's motives for terminating her assignment were pretextual. *See Roberts v. Separators, Inc.,* 172 F.3d 448, 452 (7th Cir.1999). Moreover, the Seventh Circuit recognizes that a common actor presumption exists where, as here, a person "is hired and fired by the same decision-maker in a relatively short time span." *Chiaramonte v. Fashion Bed Group,* 129 F.3d 391, 399 (7th Cir.1997), *cert. denied,* 523 U.S. 1118, 118 S.Ct. 1795, 140 L.Ed.2d 936 (1998). Plaintiff has presented no evidence to overcome the common actor presumption that the Foundation did not discriminate against Plaintiff. Even without the presumption, Ferguson has not shown that the Foundation's reason for terminating Ferguson's assignment was patently false or dishonest. It is unrefuted that Shirlee permitted Ferguson to use Williamson's computer to type her personal work, and that Ferguson was not otherwise entitled to use a computer as part of her job duties. In addition, Shirlee reprimanded Ferguson on at least one occasion prior to December 26, 1996 about her failure to relinquish Williamson's computer after the 8:30 a.m. start time for both Williamson and Ferguson. Furthermore, it is undisputed that there was a disagreement between Shirlee and Ferguson on December 26, 1996 about Ferguson's insistence during the course of the workday that she use Williamson's computer, or that Ferguson be permitted to go elsewhere to type her personal missionary work.

In the face of this, Plaintiff's uncorroborated deposition statement(s) to the contrary cannot suffice. Plaintiff has not presented any appropriate evidence that her termination was motivated by race. Thus, Plaintiff has not met her burden of proving that the Foundation's stated reason for discharge was pretextual and that Plaintiff's race was the real reason that the Foundation terminated her assignment. *See St. Mary's Honor Center v. Hicks,* 509

U.S. 502, 113 S.Ct. 2742, 2752, 125 L.Ed.2d 407 (1993).

### III. PLAINTIFF'S RETALIATION CLAIM

■ Ferguson also claims that the Foundation retaliated against her for allegedly stating, on December 26, 1996, that Shirlee's treatment of her was discriminatory. To establish a prima facie case of retaliation under Title VII, Plaintiff must establish that: (1) she engaged in a statutorily protected expression; (2) she suffered an adverse job action; and (3) there is a causal link between her opposition to unlawful discrimination and her termination. *Gleason v. Mesirow Financial, Inc.,* 118 F.3d 1134, 1146 (7th Cir.1997) (*citing Holland v. Jefferson Nat. Life Ins. Co.,* 883 F.2d 1307, 1313 (7th Cir.1989)).

■ Plaintiff fails to establish the third element (a causal link) of a prima facie case of retaliation. In order to demonstrate a "causal link," a plaintiff must demonstrate that the employer would not have taken the adverse action "but for" the protected expression. *Johnson,* 91 F.3d at 939; (*citing Klein v. Trustees of Indiana Univ.,* 766 F.2d 275, 280 (7th Cir.1985)). The record evidence presented discloses a causal link between the perceived abuse of Plaintiff's privilege to use the computers and the termination of Plaintiff's temporary assignment. Again, the only evidence that Ferguson relies on is her own deposition testimony. Standing alone, however, Plaintiff's uncorroborated deposition testimony is insufficient to demonstrate a causal link.[3] *See Koelsch v. Beltone Electronics Corp.,* 46 F.3d 705, 708–09 (7th Cir. 1995).

■ Moreover, even assuming *arguendo* the Court were to find that Plaintiff stated a prime facie case of retaliation, Plaintiff, as seen, has not shown that the Foundation's legitimate, produced reason for terminating Ferguson's assignment

---

**3.** In view of the Court's holding, it is unnecessary to consider the Defendant's argument as

to the first element of a prima facie case of retaliation.

was pretextually false or dishonest. *See* discussion, P. 8–10 *supra.*

In view of the foregoing, the Foundation is entitled to summary judgment on Ferguson's retaliation claim.

## CONCLUSION

For the reasons heretofore stated, Defendants Motion for Summary Judgment is granted and the cause is dismissed with prejudice.