Berlin L. LAWSON, Appellant,

v.

BURLINGTON INDUSTRIES,
INC., Appellee.

No. 81–2192.

United States Court of Appeals,
Fourth Circuit.

Argued April 1, 1982.

Decided July 22, 1982.

Certiorari Denied Oct. 18, 1982.
See 103 S.Ct. 257.

Jack E. Ruby, Winston Salem, N. C., for appellant.

William P. H. Cary, Greensboro, N. C. (Thornton H. Brooks, Kathrine A. McLendon, Brooks, Pierce, McLendon, Humphrey & Leonard, Greensboro, N. C., on brief), for appellee.

Before BUTZNER and SPROUSE, Circuit Judges, and KISER,* District Judge.

SPROUSE, Circuit Judge:

Berlin L. Lawson brought this suit under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 et seq., alleging that Burlington Industries, Inc. unlawfully terminated his employment and refused to transfer him to an acceptable position be-

* Honorable Jackson L. Kiser, United States District Judge for the Western District of Virginia, sitting by designation.

cause of his age. The district court granted summary judgment for the defendant on the grounds that Lawson failed to file his discrimination charge within the statutory time period,[1] and that no equitable justifications for tolling the statutory period existed. We affirm.

Lawson was first hired by Burlington in 1959, and in 1979 he was working at the transportation facility of Klopman Mills, a division of Burlington. On April 1, 1979, all employees were informed that the facility was closing, that Burlington would attempt to find new positions for employees displaced by the closing, and that those employees not placed by June 30, 1979 would be terminated. Employees terminated because of the facility closing would have their benefits and company service credit restored if they were rehired within 270 days of their termination. Lawson's final day of work was June 30, 1979, although he was given severance pay through December, 1979.

Shortly before his termination Lawson, then age 44, complained to Burlington officials that a younger co-worker, age 38, was being transferred to an available position elsewhere in the company while he was being laid off. Lawson had more service with the company and believed he was better qualified, so he concluded that age discrimination was the motive behind the decision to transfer the younger worker rather than himself.

Lawson closed his retirement and profit-sharing accounts with Burlington when he was terminated; he received a lump-sum distribution of cash and stock, plus his severance pay, on July 19, 1979. Burlington offered Lawson a clerical job in another city on or about October 1, 1979, but he refused the position because of the inadequate salary. He was then told by a company official that "maybe we'll come up with something else ... if we do, we'll be in touch."

Lawson filed his age discrimination charge with the EEOC on February 5, 1980. He testified that he had considered filing the charge earlier, but had refrained because he hoped to be recalled. The EEOC charge dealt only with Burlington's decision to lay off Lawson while transferring the younger employee. Lawson filed suit in district court in June, 1980, claiming that age discrimination was the motive behind both the layoff and the October offer of a clerical position, which Lawson construed as a refusal to rehire him.

Burlington moved to dismiss the complaint for lack of subject matter jurisdiction, Fed.R.Civ.P. 12(b)(1), or alternatively for summary judgment, Fed.R.Civ.P. 56, on the grounds that (1) Lawson had not filed his EEOC charge within 180 days after the alleged unlawful practice occurred and (2) his complaint was impermissibly broad as it raised issues not included in the EEOC charge. Following oral argument by both parties the district court granted summary judgment for the defendants, ruling that "[w]ith respect to the layoff on June 30, 1979, his charge of discrimination was filed more than 180 days after such layoff, and with respect to the other acts of discrimination alleged in the complaint, no charge of discrimination had been filed, and more than 180 days have now expired. Plaintiff has not presented a justification for this failure, which is sufficient to entitle him to equitable relief...."

 Lawson first contends that the district court erred in dismissing from his complaint those allegations which were not included in his February 5, 1980 EEOC charge. We disagree. Illegal layoff—the charge which appeared in the EEOC notice—does not encompass an allegation of illegal failure to rehire. It is well established that a layoff from employment constitutes a completed act at the time it oc-

---

1. 29 U.S.C. § 626(d)(1) provides:
 (d) No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the [Equal Employ-

 ment Opportunity Commission]. Such a charge shall be filed—
 (1) within 180 days after the alleged unlawful practice occurred....

curred, *Griffin v. Pacific Maritime Assoc.*, 478 F.2d 1118 (9th Cir.), *cert. denied*, 414 U.S. 859, 94 S.Ct. 69, 38 L.Ed.2d 109 (1973), and that an employer's failure to recall or rehire does not constitute a continuing violation of the ADEA. Each alleged discriminatory recall constitutes a separate and completed act by the defendant, which triggers a new 180 day period. *Morris v. Frank Ix & Sons, Inc.*, 486 F.Supp. 728 (W.D.Va. 1980). As no EEOC charge relating to recall was filed within 180 days of October 1, 1979, the district court's determination that Lawson failed to file within the statutory time period was correct.

■ Lawson next contends that the grant of summary judgment was improper because there exists a genuine issue of fact with respect to whether equitable tolling of the 180-day requirement occurred.[2] Lawson had an opportunity at the hearing on Burlington's motion for summary judgment to present those facts which he asserts should equitably toll the 180-day requirement. After hearing the evidence, the district court determined that no genuine issue of fact with respect to equitable tolling existed and that Burlington was entitled to judgment as a matter of law. We agree. Lawson maintains that equitable tolling is justified because his filing of EEOC charges was delayed by his expectation that he would be recalled to work. That expectation arose from three factors: (1) his 6-month severance pay from Burlington, (2) his right to full reinstatement within 270 days of layoff and (3) the offer of a position to him in October, 1979 and Burlington's representation that he would be considered for future positions.

The thrust of Lawson's contention is that the filing period should be equitably tolled because he believed Burlington would eventually find a position for him. However, the facts are uncontroverted that Burlington in no way misled Lawson or misrepresented his prospects for future employment. Lawson's optimistic hope that he would be recalled within the 270-day period falls short of demonstrating the "reasonable reliance on the defendant's conduct or representations" necessary to justify equitable tolling in this situation. *See Naton v. Bank of California*, 649 F.2d 691 (9th Cir. 1981); *Wagner v. Sperry Univac*, 458 F.Supp. 505 (E.D.Pa.1978), *aff'd mem.* 624 F.2d 1092 (3d Cir. 1980).

The grant of summary judgment for the defendant by the district court is, therefore, affirmed.

AFFIRMED.

---

**2.** *Cf. Zipes v. Transworld Airlines*, —— U.S. ——, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) (180-day time limit for filing charges under

Title VII of the Civil Rights Act of 1964 is not a jurisdictional prerequisite to suit in a district court).