Charles P. SHULTZ

v.

DEMPSTER SYSTEMS, INC.

No. Civ. 3–83–55.

United States District Court,
E.D. Tennessee, N.D.

April 26, 1983.

Pamela L. Reeves, David A. Burkhalter, II, Knoxville, Tenn., for plaintiff.

Edward G. Phillips, E.H. Rayson, Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, Chief Judge.

This is an action claiming violations of the Age Discrimination in Employment Act (ADEA). 29 U.S.C. §§ 621–634. This case is now before the Court on defendant's motion for summary judgment.

Defendant, former employer of plaintiff, claims that plaintiff has failed to comply with the timeliness requirements of 29 U.S.C. § 626(d). Section 626(d) provides that

[n]o civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Secretary. Such a charge shall be filed—

(1) within 180 days after the alleged unlawful practice occurred; or

(2) in a case to which Section 14(b) [29 USC § 633(b)] applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of

proceedings under State law, whichever is earlier.

Section 633(b) provides that

[i]n the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, no suit may be brought under section 7 of this Act [29 USC § 626] before the expiration of sixty days after proceedings have been commenced under the State law, unless such proceedings have been earlier terminated . . . .

States referred to in § 633(b) are commonly known as "deferral states."

Plaintiff began employment with defendant's predecessor in interest, Carrier Corporation, in 1955. On December 11, 1980 defendant succeeded Carrier Corporation as plaintiff's employer. Plaintiff remained in continuous employment until January 23, 1981. At that time plaintiff was fifty-one years old and employed as a salaried production supervisor of defendant's Shear Department in Knoxville, Tennessee. On January 23, 1981, the date of plaintiff's termination, Tennessee was not a deferral state for age discrimination. On July 1, 1981, 159 days after the termination, Tennessee became a deferral state for age discrimination. Act of Apr. 8, 1980, ch. 732, § 12, 1980 Tenn.Pub.Acts 740. The Tennessee Human Development Commission became the state authority responsible for investigating claims for age discrimination. On September 10, 1981, 230 days after the termination, plaintiff first filed his charge of discrimination with the Equal Employment Opportunity Commission [EEOC].

The Court must initially determine whether plaintiff is entitled to the 180 day or 300 day time period. The plain meaning of 29 U.S.C. § 633(b) indicates that plaintiff is not entitled to the 300 day time period. The termination, since it occurred before Tennessee's age discrimination law became effective, was not an act "occurring in a State which [had] a law prohibiting discrimination in employment because of age . . . ." *Id.*

■ Additionally, in Tennessee the "general rule is a statute will be presumed to operate prospectively and not retroactively unless it clearly appears from the statute that the Legislature intended it to operate retroactively. A statute should not be given retroactive operation unless its words make that imperative." *Smith v. State Farm Auto. Ins. Co.,* 278 F.Supp. 405, 410 (E.D.Tenn.1967) (citations omitted). The Court can find nothing in the Tennessee age discrimination law which would require retroactive application. Tenn.Code Ann. §§ 4–21–101 to –126. It, therefore, appears that the Tennessee Human Development Commission was without jurisdiction to investigate plaintiff's termination of January 23, 1981. *Id.* at §§ 4–21–104(9), 4–21–105(a)(1). The purpose of the longer time limitation in a deferral state is to give the deferral state time to act upon the complaint. There is no need for deferral where the alleged act of discrimination occurred before the state assumed jurisdiction in the area of age discrimination. *Curry v. Continental Airlines,* 513 F.2d 691 (9th Cir. 1975). Moreover, plaintiff does not claim that he ever sought relief from the Tennessee Human Development Commission. Under these circumstances, plaintiff had 180 days from the alleged unlawful practice to file his complaint with the EEOC.

■ Plaintiff has argued that this is a case of continuing discrimination and that the limitations period should begin at some time later than his termination. *See Roberts v. North American Rockwell Corp.,* 650 F.2d 823 (6th Cir.1981). This continuing violation doctrine is applied where there is an ongoing practice of unlawful discrimination. It prevents an employment discrimination suit from being time-barred simply because an employer's first act of discrimination occurred before the limitations period. Although plaintiff alleged that defendant engaged in continuing discrimination, plaintiff has been unable to point to any act of continuing discrimination. The January 23, 1981 termination was permanent and final. Plaintiff did not reapply for a job with defendant within the limitations period; plaintiff applied to Carrier Corporation,

defendant's predecessor in interest, but these were totally separate business entities at that time. "[A]n employer's failure to recall or rehire does not constitute a continuing violation of ADEA." *Lawson v. Burlington Industries,* 683 F.2d 862, 864 (4th Cir.1982). Although a discriminatory recall might establish a continuing violation, *id.,* defendant made no recall and plaintiff had no right to recall. Accordingly, plaintiff's 180 days began to run on January 23, 1981.

■ Finally, plaintiff urges this Court to find an equitable tolling of the 180 day period. The filing of "a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in Federal Court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982) (interpreting Title VII of the Civil Rights Act which has a similar time limitation. 42 U.S.C. § 2000e–5). The equitable principles that allow a plaintiff additional time to file his EEOC charge are based upon "the particular purpose of the filing requirement, to give prompt notice to the employer." *Id.* at 398, 102 S.Ct. at 1135. Unlike the employers in *Zipes* and other cases cited by plaintiff, however, defendant did not receive notice of alleged discrimination until after the limitations period. To say that an equitable tolling occurred in this case would frustrate the intent of Congress and render the limitations period meaningless.

It is, therefore, ORDERED that defendant's motion for summary judgment be, and the same hereby is, granted.

Order Accordingly.