**Ross CALDWELL, Plaintiff-Appellant,**

v.

**NATIONAL ASSOCIATION OF HOME BUILDERS, Defendant-Appellee.**

No. 84–3120.

United States Court of Appeals, Seventh Circuit.

Argued May 31, 1985.

Decided Aug. 27, 1985.

Charles A. Asher, Lysohir, Singer & Asher, South Bend, Ind., for plaintiff-appellant.

Peter R. Spanos, Hendrick, Spanos & Phillips, Atlanta, Ga., for defendant-appellee.

Before CUMMINGS, Chief Judge, EASTERBROOK, Circuit Judge, and PELL, Senior Circuit Judge.

CUMMINGS, Chief Judge.

Plaintiff Ross Caldwell filed suit in Indiana state court against the National Association of Home Builders ("NAHB") alleging that the NAHB had discriminated against him in employment on the basis of his age in contravention of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 ("ADEA"), and breach of contract. NAHB removed the case to federal court and requested summary judgment because Caldwell had not timely filed his charge with the Equal Employment Opportunity Commission ("EEOC"). The district court granted summary judgment to defendant and dismissed the complaint. 598 F.Supp. 371 (N.D.Ind.1984). For the reasons stated herein, we reverse.

## I

NAHB had employed plaintiff as a regional representative for over nine years when it decided to abolish its regional representative program. Consequently the defendant notified Caldwell by letter dated September 25, 1981, that he would be terminated, effective October 31, 1981, along with NAHB's eleven other regional representatives. In their place, the NAHB created the Association Management Services Division ("AMSD") to provide many of the services formerly provided by its regional representatives, using only four employees. The NAHB requested its employees and affiliates, including its regional representatives, to apply for the AMSD positions, and it disseminated an explanation of the necessary qualifications for the positions. Plaintiff applied for the three available positions of Assistant Director (one had already been filled); when a fourth position of Membership Director became available, Caldwell applied for it as well. He was assured he would be considered for each position for which he had applied.

At the request of several NAHB members and the staff persons of local affiliates, NAHB temporarily reemployed Caldwell January 4, 1982, for the period during which the AMSD was being staffed and organized. This employment continued until July 2, 1982. Caldwell was not hired into any of the four AMSD positions for which he applied, the last of these being filled May 20, 1982. Of the five positions that had been filled since the fall of 1981, only two were filled with existing NAHB employees, both of these being younger than Caldwell but still within the ADEA-protected age group. The other three positions were filled with new employees younger than the protected age group. On August 9, 1982, plaintiff filed his charge with the EEOC. That charge, as amended August 20, alleged as follows:

I worked for the National Association of Home Builders for approximately ten years. I understand it to be a non-profit Illinois corporation headquartered in Washington, D.C. It is an educational and lobbying organization for home builders.

My job was as a regional representative. There were approximately 12 regional representatives in the employ of NAHB for the last several years. By the fall of 1981, almost all of the regional representatives were within the protected age classification of the Age Discrimination in Employment Act. I am 59½ years old. Apparently plans were developed in late 1981 and were implemented in 1982 to do away with the regional representatives and to open a new division entitled Association Management Services Division to carry on the same function as was carried on by the regional representatives. I and the vast majority of the regional representatives were terminated and the

persons hired into the Association Management Services Division were, at least for the most part, in their 20's and 30's.

All of my evaluations by the NAHB were excellent and I was always told that I was an extremely beneficial asset of the Association. I believe that I have been discriminated against on the basis of my age. I was terminated finally on July 2, 1982.

I applied for the position of director of membership services as well as all positions within the Association Management Services Division. I was not hired in the position of director of membership services or in any position in the Association Management Services Division. I believe that three of the five persons holding the positions for which I applied are under the protected age range of the Age Discrimination in Employment Act. Those three persons under the protected age range of the Age Discrimination in Employment Act were also not previously employees of the National Association of Home Builders.

I believe that I have also been discriminated against in terms and conditions of employment because the pay and benefits extended to me during my employment by the National Association of Home Builders was substantially less advantageous than those extended to persons now acting as director of the membership services and acting as members of the Association Management Services Division.

After receiving a right-to-sue letter from the EEOC, plaintiff filed suit on January 31, 1983, alleging that "[d]efendant discharged plaintiff and otherwise discriminated against him with respect to his compensation, terms, conditions and privileges of employment because of his age" in violation of ADEA (Count I), and stating a claim for breach of contract under state law (Count II). After the defendant removed the action to the Northern District of Indiana, discovery ensued. On October 15, 1984, the NAHB filed a motion for summary judgment on both counts of Caldwell's complaint. Caldwell voluntarily dismissed his pendent state law claim. The district court held a hearing on December 3, 1984, on defendant's request for summary judgment on the remaining count of age discrimination. Because the district court accepted defendant's contention that Caldwell's complaint alleged solely discriminatory discharge, and because Caldwell had received notice of his termination in late September 1981, the district court found that his charge with the EEOC filed in August 1982 was outside the 180-day limitations period. See 29 U.S.C. § 626(d). The district court therefore dismissed Caldwell's complaint. We respectfully disagree with the district court's conclusions.

## II

■ The district court based its decision on its determination that Caldwell's charge of discrimination addressed only his allegedly discriminatory discharge. If indeed the charge had confined itself to the discharge, then we would agree with the district court. See *Delaware State College v. Ricks*, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (limitations period for filing complaint with EEOC runs from time plaintiff is notified he will be discharged, not from time of actual termination of employment); *Heiar v. Crawford County*, 746 F.2d 1190 (7th Cir.1984) (same), certiorari denied, —— U.S. ——, 105 S.Ct. 3500. This Circuit has observed that all doubts on jurisdictional timeliness questions are to be resolved in favor of trial. *Pastrana v. Federal Mogul Corp.*, 683 F.2d 236, 242 (1982) (citation omitted). Requiring that a charge be filed is intended to notify the EEOC of the charges and to enable the agency to investigate and perhaps effect a conciliation between the parties. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 44, 94 S.Ct. 1011, 1017, 39 L.Ed.2d 147. Consequently, a court must read EEOC charges broadly when determining its jurisdiction, and a claim may encompass any " 'discrimination like or reasonably related to the allegations of the charge and growing out of such allegations.' " *Jenkins v.*

*Blue Cross Mutual Hospital Insurance, Inc.,* 538 F.2d 164, 167 (7th Cir.1976) (*en banc*) (citing *Danner v. Phillips Petroleum Co.,* 447 F.2d 159, 162 (5th Cir.1971)), certiorari denied, 429 U.S. 986, 97 S.Ct. 506, 50 L.Ed.2d 598.

■ The difficulty with the district court's position is that the EEOC charge filed by Caldwell addresses both his discriminatory discharge and the NAHB's failure to hire him in the newly created AMSD positions. The third paragraph of the charge addresses the discharge the previous fall. The fifth paragraph addresses the NAHB's failure to hire him anew. Because the charge specifically and unequivocally encompasses the discriminatory decisions NAHB made in the spring of 1982, the charge filed in August 1982 was within 180 days and therefore was timely as to the NAHB's failure to rehire plaintiff.

Defendant's citation of *Lawson v. Burlington Industries, Inc.,* 683 F.2d 862 (4th Cir.1982), certiorari denied, 459 U.S. 944, is unavailing. The Fourth Circuit affirmed the district court's dismissal of plaintiff's complaint because it was time-barred. The complaint, however, had dealt only with the employer's decision to lay off the plaintiff and did not refer to the employer's subsequent decisions not to rehire plaintiff. Because the charge referred to no post-termination decisions by the employer, the complaint could not rely on any such discriminatory decisions to bring the charge within the 180-day period. See also *Herman v. National Broadcasting Co.,* 744 F.2d 604, 606 (7th Cir.1984) (citing *Lawson* approvingly), certiorari denied, —— U.S. ——, 105 S.Ct. 1393, 84 L.Ed.2d 782. The specific reference to the NAHB's post-termination decisions, independent of the allegations concerning Caldwell's discharge, make the instant situation completely different from the one the court considered in *Lawson.*

Nor is defendant's attempt to twist *Janowiak v. Corporate City of South Bend,* 750 F.2d 557 (7th Cir.1984), to fit its argument persuasive. *Janowiak* involved the implementation of an affirmative action program that was announced in November

1980. This Circuit found that summary judgment was appropriate because plaintiff's EEOC charge was time-barred. In so holding, we refused to find that a hiring decision in February that was an implementation of the policy announced the previous fall was an independent decision that would have started a new 180-day period running. In contrast, the hiring decisions in the case at bar were indeed independent decisions. The previous fall Caldwell had been invited to apply for the new AMSD positions and assured that he was being considered for them. Nothing that happened that fall would have indicated to him that the NAHB would discriminate against him on the basis of age when it made its hiring decisions in the spring. In this regard, the district court over-emphasized Caldwell's answer in a deposition that he believed that in the fall of 1981 the regional representatives as a group were the victims of age discrimination. That he believed he was a victim of age discrimination in the fall of 1981 does not preclude his being a victim of age discrimination again in the spring of 1982. Not until he was in fact informed of the hiring decisions would he have had grounds on which to file a charge with the EEOC, and he then appropriately did timely file on the hiring decision.

■ Admittedly Caldwell cannot claim that his termination in the fall is a part of a continuing violation. This doctrine requires a present violation, not just the effects of a past violation. *United Air Lines, Inc. v. Evans,* 431 U.S. 553, 558, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571. The hiring decisions in the spring, although necessary because of the reorganization and discharges announced the previous fall, are independent of the NAHB's decision to terminate Caldwell. An employer's terminating an employee, unlike the employer's failure to hire or to promote, is a completed act; that its consequences linger does not indicate that the discrimination itself is continuing. *Roberts v. North American Rockwell Corp.,* 650 F.2d 823, 826 (6th Cir.1981) (distinguishing between discharge and failure to hire); *Milton v. Weinberger,*

645 F.2d 1070, 1075–77 (D.C.Cir.1981). Caldwell should have filed two EEOC charges, one in the fall of 1981 and one after the NAHB failed to rehire him.[1] Even though he waited and consolidated his allegations into one charge, the allegations addressing the NAHB's failure to rehire him are still viable. Also still viable are his claims arising from the last paragraph of his charge, concerning the allegedly more advantageous pay and benefits afforded to those in the AMSD positions. Until the NAHB refused to rehire him, he would not have been able to charge that they had denied him these benefits. Although summary judgment is appropriate on the discharge claim, it is not appropriate on the related failure to rehire claims and Caldwell may litigate these allegations.[2]

An important policy behind the requirement that charges be filed promptly is to "protect employers from the burden of defending claims arising from employment decisions that are long past." *Ricks*, 449 U.S. at 256–57, 101 S.Ct. at 503. That policy is in no way diminished by permitting to stand a complaint based on an EEOC charge that was filed within 180 days of the relevant employment decision—the hiring decisions made in the spring of 1982. The defendant erroneously argues that the plaintiff should be barred because discharged employees could revive their claims over a discriminatory discharge after 180 days had elapsed by applying for another job with the former employer and being rejected. Yet if that rejection constituted age discrimination, then allowing the rejected employee to file a claim is entirely appropriate. Caldwell's references in his charge to the defendant's failure to offer him one of the AMSD positions are clearly more than an attempt to litigate his discriminatory discharge by the back door. His referring to the NAHB's hiring decisions twice establishes this point—he referred to them once in the third paragraph in reference to his discriminatory discharge, and he then referred to them again two paragraphs later when protesting his employer's refusal to rehire him. Cf. *Cox v. United States Gypsum Co.*, 409 F.2d 289, 290–291 (7th Cir.1969) (charge referred to layoff and implicitly to discriminatory new hiring).

1. Caldwell fails to establish that equitable tolling principles should apply to his discharge claim. As early as the fall of 1981, Caldwell suspected the regional representatives were the victims of age discrimination. Although he might argue that his hope of being rehired—buttressed by his favorable employment reviews in his ten-year tenure with the NAHB and the repeated assurances he received that he was being considered for each position for which he applied—means he did not think he would be included in the discrimination, other courts have not found such expectations adequate reason to toll the period for filing with the EEOC. See *Mogley v. Chicago Title Ins. Co.*, 719 F.2d 289 (8th Cir.1983); *Lawson, supra; Haupt v. Int'l Harvester Co.*, 571 F.Supp. 1043, 1046 (N.D. Ill.1983); *Mayor v. West Elec. Co.*, 487 F.Supp. 84, 87 (W.D.Mo.1980); *Platt v. Burroughs Corp.*, 424 F.Supp. 1329, 1333 (E.D.Pa.1976). Had he not suspected in the fall of 1981 that the reorganization was a possible front for age discrimination, then a different case would be presented.

2. Because the NAHB streamlined its organization, with an accompanying reduction in work force, Caldwell would not have needed to prove that he was "replaced" by a younger employee in order to establish a prima facie case regarding his discriminatory discharge. See *Stumph v. Thomas & Skinner, Inc.*, 770 F.2d 93, (7th Cir.1985). Should direct proof of the NAHB's allegedly discriminatory intent be missing, Caldwell must still rely on the analysis set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668, to prove his failure to rehire claim. Under *McDonnell Douglas*, an analysis this Court has adapted for ADEA claims, see, e.g., *La Montagne v. Am. Convenience Prods., Inc.*, 750 F.2d 1405, 1409 (1984), Caldwell would have to establish (1) that he was a member of the protected class, (2) that he applied and was qualified for a position for which the NAHB was seeking applicants, (3) that he was rejected, and (4) that the employer hired instead a younger person. 411 U.S. at 802. Once Caldwell has adequately pleaded a prima facie case, the NAHB bears the burden of production (but not the burden of persuasion) of establishing that it had a valid, nondiscriminatory motive for refusing to rehire Caldwell. If it produces sufficient evidence on this point, then Caldwell must prove that the proffered reason is pretextual. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252–56, 101 S.Ct. 1089, 1093–95, 67 L.Ed.2d 207.

In doing so, all evidence relevant to the claims, including if applicable an earlier discharge now time-barred itself, is entirely appropriate. Although the discharge when considered separately may be "merely an unfortunate event in history which has no present legal consequences," it "may constitute relevant background evidence," *United Air Lines, Inc. v. Evans,* 431 U.S. at 558, 97 S.Ct. at 1889, of the NAHB's motives. Therefore he may introduce the discharge as evidence to help establish that the NAHB's failure to rehire him was discriminatorily motivated. See *Downey v. Southern Natural Gas Co.,* 649 F.2d 302, 305 (5th Cir.1981); *Malarkey v. Texaco, Inc.,* 559 F.Supp. 117, 121 (S.D.N.Y.1982), affirmed on other grounds, 704 F.2d 674 (2d Cir.1983).

Defendant contends that even if plaintiff's EEOC charge included a cognizable allegation of the NAHB's failure to rehire him, such an allegation is not before this Court because it was not properly included in his complaint. This argument is unpersuasive. Defendant raises this argument for the first time on appeal. Had it made the argument below, Caldwell could have amended his complaint to remedy the technical defect. Fed.R.Civ.P. 15. The complaint alleges that the NAHB had "otherwise discriminated" against Caldwell "with respect to his compensation, terms, conditions, and privileges of employment." This language is extremely broad, and it is to be construed so "as to do substantial justice." Fed.R.Civ.P. 8(f). Failure to rehire constitutes discrimination in the "compensation, terms, conditions and privileges of employment," because it is a refusal to extend those privileges to an individual solely on the basis of age. In no way was the NAHB prejudiced by the complaint's not including a more specific reference to its refusal to rehire Caldwell. Not only does the charge filed with the EEOC expressly refer to the defendant's failure to rehire the plaintiff, but the pretrial order in the case at bar encompasses contentions made by both parties that relate to the defendant's failure to rehire Caldwell. See Pl.App. 7–10, 13–16. All parties to the dispute are fully aware that the plaintiff was protesting not just his discharge in October 1981, but also his employer's refusal to hire him into the AMSD in the spring of 1982. Defendant's arguing to the contrary at this late stage is unacceptable. In *Cox v. United States Gypsum Co.,* 409 F.2d at 290, we allowed a complaint to stand in which the principal issue was discriminatory failure to rehire where the complaint itself referred only to the plaintiff's discriminatory discharge and had not been formally amended, because all parties understood that the complaint included reference to later discriminatory practices. The case at bar is no different.

In summary, we find that the EEOC charge filed by the plaintiff referred to the defendant's independent decisions not to rehire plaintiff in the spring of 1982, as well as to the allegedly discriminatory discharge in the fall of 1981. Because he filed his EEOC charge within 180 days of May 20, 1982, the day he was informed that the last remaining position had been filled, those charges are not time-barred, and the district court's grant of summary judgment on that portion of the complaint was in error. The district court is affirmed in part and reversed in part. Circuit Rule 18 to apply; each side to bear his own costs.