849 F.2d 606
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lawrence John RAMSDELL, Plaintiff-Appellant,
v.
AMERICAN STANDARD, INC., Defendant-Appellee.
 No. 87-2667.
 United States Court of Appeals, Fourth Circuit.
 Argued: March 10, 1988.
Decided: June 8, 1988.
 
 Sharon B. Benzil (James P. Ulwick; Michael L. Heikes; Kramon & Graham, P.A., on brief), for appellant.
 Sidney G. Leech (Steven D. Frenkil; Semmes, Bowen & Semmes, on brief), for appellee.
 Before MURNAGHAN and CHAPMAN, Circuit Judges, and JAMES B. McMILLAN, United States District Judge for the Western District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 The employment of the plaintiff, Lawrence John Ramsdell (Ramsdell), as Vice President for Human Resources of American Standard Inc. (American Standard), the defendant, was terminated in 1982 but he was given continued full salary and benefits for fourteen months. During that period, he was not required to render any services to the company. He sought and was granted an extension so that the period during which he continued to receive full salary and benefits was extended to twenty months.
 
 
 2
 Ramsdell filed a complaint alleging age discrimination with the Equal Employment Opportunity Commission (EEOC) in December, 1984, and filed the present action in 1986. Ramsdell was 59 years old when he filed his complaint in district court. The district court found the action to be time barred and dismissed without prejudice.
 
 
 3
 The EEOC complaint must be filed within 180 days or, under certain circumstances, not more than 300 days after termination of employment. Ramsdell was told October 11, 1982, that his position was being eliminated and his services would cease on October 31, 1982. Applying equitable tolling to delay the start of the filing period until Ramsdell had knowledge of the company's possible discriminatory animus, the court determined that he acquired such knowledge on February 4, 1983, the date two newspaper articles were published describing the "youth movement" underway at American Standard. Ramsdell himself had attached the clippings to his complaint as evidence supporting his claim of age discrimination. If the limitations period is tolled only until the articles were published, Ramsdell's age discrimination claim is clearly time barred.
 
 
 4
 In addition to challenging his termination, Ramsdell alleged in his suit that alleged additional acts of discrimination occurred in 1984 when he asked for re-employment and was refused by American Standard. The district court found that the refusals were continuations of the original termination and not new acts triggering a new limitations period. Furthermore, the district judge held as to the 1984 events that the denied "applications for re-employment" were merely trial balloons and were never associated with an actual job opening, so that Ramsdell had failed to make out a prima facie case of discrimination even if the 1984 events were considered separate acts for limitations purposes.
 
 
 5
 The termination agreement, as extended, provided for Ramsdell's salary and other benefits to expire on June 30, 1984. He filed a charge of discrimination with the EEOC on December 12, 1984.[1] The time for filing an EEOC complaint (whether 180 or 300 days) runs from the time at which the employee is informed of an allegedly discriminatory employment decision, regardless of when the effect of that decision may come to fruition. Price v. Litton Business Systems, Inc., 694 F.2d 963, 965 (4th Cir.1982). The filing period for Ramsdell thus began to run on October 11, 1982, absent some tolling of the running of the limitation period.
 
 
 6
 There are two ways to interrupt the running of the limitation period: equitable estoppel and equitable tolling. Equitable estoppel "examines the defendant's conduct and the extent to which the plaintiff has been induced to refrain from exercising his rights." Felty v. Graves-Humphreys Co., 785 F.2d 516, 519 (4th Cir.1986). However, an attempt to mitigate the harshness of termination, without more, cannot give rise to equitable estoppel. Id. at 520 (citing Lawson v. Burlington Industries, Inc., 683 F.2d 862, 864 (4th Cir.1982), cert. denied, 459 U.S. 944 (1982)). There are no other facts adduced to support a finding of equitable estoppel here.
 
 
 7
 Equitable tolling "focuses on the plaintiff's excusable ignorance of the employer's discriminatory act." Felty, 785 F.2d at 519. We accept as not clearly erroneous the finding of the magistrate, with which the district court agreed, that the newspaper clippings Ramsdell attached to his complaint were sufficient to put him on notice that the reason advanced by American Standard for its termination might be untrue. If the newspaper clippings had been supplied by American Standard instead of by Ramsdell, the situation might be different. But, Ramsdell has used the clippings to bolster his claim of age discrimination and makes no claim that he was unaware of the clippings the day that they were published. He thus has not demonstrated " 'specific facts showing that there is a genuine issue for trial.' " Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed.R.Civ.P. 56(e)). If the limitations period is deemed tolled only until February 4, 1983, the date of the newspaper articles, Ramsdell's age discrimination claim is clearly time barred (531 days after the 180 day deadline, and 411 days after the 300 day deadline for filing).
 
 
 8
 Ramsdell argues that his complaint contains allegations of four separate and distinct acts of discrimination occurring in 1984, and that a complaint regarding the acts is not time-barred. The district court found that the 1984 acts constituted continuations of the original termination decision, and did not trigger the start of a new limitation period. We see no error in the district court's finding.
 
 
 9
 Ramsdell's 1984 contacts with executives at American Standard fail to be of assistance to Ramsdell because it has been conclusively shown that there were never any positions open at American Standard of the kind for which he applied. For example, an application for the position of an employee who had fallen ill created no basis for a claim because American Standard made clear that its intention was to keep the job open for the sick employee, to be resumed by him on his return. A corporate acquisition led not to an increase but rather to a reduction in job opportunities. Finally, an inquiry by Ramsdell about another job opportunity was only made after it had already been filled. Ramsdell was promptly notified after each contact that there was no job opening for which he could be considered.
 
 
 10
 In addition, the district court correctly noted that even if the 1984 acts were considered independent acts, Ramsdell's complaint would be subject to dismissal for failure to make out a prima facie case. To establish a prima facie case of employment discrimination, a plaintiff at a minimum must establish i) that be belongs to a protected group; ii) that he applied and was qualified for a job for which the employer was seeking applicants; iii) that, despite his qualifications, he was rejected; and iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of the plaintiff's qualifications. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). The evidence establishes conclusively that Ramsdell has not met the second requirement.
 
 
 11
 In short, it appears to us that summary judgment might properly have been granted against Ramsdell. However, a dismissal of the action without prejudice was ordered. The defendant has not cross-appealed, so there is no occasion for us to examine which relief in favor of the defendant--the greater or the lesser--was the appropriate one.
 
 
 12
 Finally, a release of American Standard contained in the termination agreement is asserted by American Standard as a defense to Ramsdell's suit. The release, however, played no part in the decision in the district court. There are factual questions to be resolved before effect may be given to such a release. Questions of possible coercion to obtain Ramsdell's signature on the termination agreement remain unresolved; in addition, there appears to be a dispute over what effect, if any, should be given to a supposed lack of understanding on Ramsdell's part when the release was executed. Bearing in mind the capability and relevant experience that a Vice President of Human Resources such as Ramsdell presumably had, the question may be a forlorn one; but, nevertheless, factual issues remain open. We do not choose to resolve such issues in the first instance. However, as things have developed on the present appeal, it is not necessary that the case be remanded for decision of those factual questions. Because the ground for dismissal chosen by the district court is sufficient, the disposition below is
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 There is no concrete evidence in the record that Ramsdell filed with the EEOC, but the district court assumed that such was the case