**Erwin P. ZEITER, Plaintiff,**

v.

**JOY MANUFACTURING CO.,
Defendant.**

No. S87–44.

United States District Court,
N.D. Indiana,
South Bend Division.

Oct. 17, 1989.

John H. Haskin, Indianapolis, Ind., and Douglas A. Crawford and Jerry E. Huelat, South Bend, Ind., for plaintiff.

Edmund M. Carney and R. Stanley Mitchel, Pittsburg, Pa., and Roger W. Benko and Douglas Small, South Bend, Ind., for defendant.

MEMORANDUM AND ORDER

MILLER, District Judge.

This cause comes before the court on a motion for summary judgment filed by de-

fendant Joy Manufacturing Company ("Joy"). The motion preceded the filing of the amended complaint, and thus only addresses what is now contained in Count I of the amended complaint. The plaintiff, Erwin Zeiter, has filed his response and the matter is ripe for review.[1] Joy seeks judgment on the grounds that Mr. Zeiter filed his age discrimination action more than two years after the alleged discriminatory acts took place.

Remarkably, the parties disagree as to the date Mr. Zeiter "commenced" the present action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* Section 7(e)(1) of the ADEA incorporates the relief provision of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 255(a) which provides that every action:

> ... shall be forever barred unless commenced within two years after the cause of action accrued, except that a willful violation may be commenced within three years after the cause of action accrued.

Joy claims that the action was commenced on July 24, 1987 while Mr. Zeiter claims he filed his action on January 30, 1987, almost six months earlier. The record discloses that the complaint was filed in this court on January 30, 1987 and that, on June 26, 1987, the court gave the plaintiff until July 27, 1987 to show service of process or why the action should not be dismissed. On July 24, 1987, the plaintiff moved for additional time within which to make proof of service; on the same date, an alias summons was issued for service on Joy.

■■■ For statute of limitations purposes, an action is considered to be commenced in the case of an individual claimant on the date when the complaint is filed if he is specifically named as a party plain-

tiff in the complaint. 29 U.S.C. § 626(b) (incorporating § 16 of the FLSA, 29 U.S.C. § 216); *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 760–63, 99 S.Ct. 2066, 2073–75, 60 L.Ed.2d 609 (1979) ("commencement" under § 14(b) of the ADEA, 29 U.S.C. § 633(b), means the filing of a complaint); *E.E.O.C. v. Gilbarco, Inc.,* 615 F.2d 985 (4th Cir.1980) ("commencement of an action" as used in § 7(c) of the ADEA, 29 U.S.C. § 626(c), means the filing of a complaint). *See also E.E.O.C. v. O'Grady,* 857 F.2d 383 (7th Cir.1988). Therefore, based on the two year statute of limitations noted above, Mr. Zeiter's complaint is timely if the alleged discriminatory action took place after January 30, 1983.[2]

Mr. Zeiter claims that facts sufficient to support a charge of age discrimination did not become apparent to him until sometime after February 28, 1985, the date he filed his first charge with the Equal Employment Opportunity Commission ("EEOC"). Mr. Zeiter asserts in his affidavit that on February 28, 1985 he filed, out of desperation, an EEOC charge although he had no facts at that time to substantiate that he was being denied a job because of his age. He claims that Joy's invitation for an interview, which came less than one month after he filed his charge, led him to believe that Joy had not been considering him for available positions and had not rehired him because of his age.

Joy admits that it rehired Mr. Zeiter on April 22, 1985 and that he has not claimed that the original decision to terminate him was discriminatory. As Joy points out in its brief, the limitations period begins to run when "facts that would support a charge of discrimination were apparent or should have been apparent to a person with a reasonably prudent regard for his rights

---

**1.** On July 19, 1988, the court granted the plaintiff's motion for extension of time to respond to the summary judgment motion until after the parties had resolved a discovery dispute. That dispute was not resolved until September of 1989.

**2.** Mr. Zeiter also claims that he has pled a willful violation, thus triggering the three year limitations period. The court has carefully reviewed the complaint to ascertain whether an

allegation of willful violation could reasonably be inferred and can find none. "While averments of fraud and mistake must be stated with particularity, intent and knowledge may be averred generally. There is no authority of which the court is aware, however, which would relieve a plaintiff from making at least a conclusory allegation of willfulness." *Nelson v. Massey–Ferguson,* 36 F.E.P. Cases 365 (E.D.Wis. 1984).

similarly situated to the plaintiff." *See Vaught v. R.R. Donnelley & Sons Co.*, 745 F.2d 407, 410–11 (7th Cir.1984). Termination and subsequent failure to rehire into a new position can be two separate acts of discrimination where the individual is told he is being considered. *Caldwell v. National Ass'n of Home Builders*, 771 F.2d 1051 (7th Cir.1985).

This record contains no evidence that Mr. Zeiter believed he was the victim of age discrimination until sometime after he had received communications from D.W. Schmitt, Group Vice President of Joy, and Frank Joyce, Director of Human Resource Services of Joy, that he was being considered for suitable openings at Joy. Mr. Zeiter states that he received these communications on January 4 and January 7, 1985, but by February 28, 1985 Joy still had not contacted him concerning any available positions. On February 28, 1985, he filed his charge with the EEOC. Therefore, the complaint filed on January 30, 1987 was within the two year limitations period. Mr. Zeiter has met his burden of under Fed.R. Civ.P. 56 by coming forward and showing the existence of a genuine issue of material fact. Accordingly, the defendant's motion for summary judgment should be, and hereby is, DENIED.

SO ORDERED.